IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BILLIOURIS et al., | § § § | |
| Plaintiffs and Garnishors, | § § | |
| v. | § § | Civil Action No. **3:15-CV-2664-L** |
| WELLS FARGO BANK, N.A. et al., | § § § | |
| Garnishees, | § § | |
| v. | § § § | |
| SUNDANCE RESOURCES, INC. et al.; MICHAEL PATMAN; DAVID PATMAN; and MICHAEL PATMAN, jointly and severally, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the Garnishors' Motion for Judgment on the Pleadings (Doc. 29), filed November 30, 2021, and Defendant David Patman's Motion for Summary Judgment and Supporting Brief (Doc. 31), filed December 15, 2021. Having considered the motions, responses, replies, record, and applicable law, the court **grants in part** and **denies in part** the Garnishors' Motion for Judgment on the Pleadings (Doc. 29), and **denies** Defendant David Patman's Motion for Summary Judgment (Doc. 31).

I.   **Background Facts and Procedural History**

On August 11, 2010, following a jury trial, the Honorable David C. Godbey entered an Amended Final Judgment ("Judgment") in favor of Plaintiffs and against, among others, Michael Patman ("M. Patman") and David "Pat" Patman ("D. Patman") (sometimes collectively, "Judgment Debtors") in Civil Action No. 3:07-cv-01591-N (the "Underlying Case"). *See* Am.

**Memorandum Opinion and Order – Page 1**

Final J., Doc. 331 in Civil Action No. 3:07-cv-01591-N. Specifically, pursuant to the jury's verdict and finding of fraud, Judge Godbey awarded Plaintiffs damages (including exemplary damages) as follows: $763,750 against M. Patman; $763,750 against D. Patman; and $7,719,639.12 against M. Patman and D. Patman, jointly and severally, as well as postjudgment interest in the amount of .34%. *See id.* at 2-5. On November 3, 2010, Judge Godbey awarded Plaintiffs their attorney's fees in the amount of $1,674,744.50. *See* Order, Doc. 335 in Civil Action No. 3:07-cv-01591-N. On July 20, 2012, pursuant to Federal Rule of Appellate Procedure 42(b), the United States Court of Appeals for the Fifth Circuit dismissed M. Patman and D. Patman's appeal of the Judgment. *See* Order, Doc. 358 in Civil Action No. 3:07-cv-01591-N.

On August 14, 2015, Plaintiffs (sometimes referred to as "Garnishors") filed an Application for Post-Judgment Writ of Garnishment (Doc. 1) ("Application") in this court, requesting that the clerk issue postjudgment Writs of Garnishment against numerous garnishee banks, including Wells Fargo Bank, N.A. ("Wells Fargo" or "Garnishee"), for funds held in the names of M. Patman and D. Patman, and for funds being held nominally in the names of Beverly Patman and Ximena Patman, to satisfy the Judgment against M. Patman and D. Patman in the Underlying Case. Plaintiffs' Application is supported by the Affidavit of William G. Lionetta, Jr. ("Lionetta Aff."), that states that the Judgment is a valid and subsisting judgment and remains partially unsatisfied; that Judgment Debtors have never made any voluntary payment to Plaintiffs on the Judgment; and that credits from cash deposited in lieu of a supersedeas bond and amounts realized from the U.S. Marshal's sale of the Judgment Debtors' personal property pursuant to a Writ of Execution are less than 2% of the amount of the Judgment. Lionetta Aff. ¶¶ 7-9, Doc. 1.

**Memorandum Opinion and Order – Page 2**

On August 14, 2015, the clerk of court issued a Writ of Garnishment After Judgment on Wells Fargo (Doc. 8).[1] On September 3, 2015, Wells Fargo filed its Original Answer identifying nine bank accounts (Accounts A through I) that "may include indebtedness to the Judgment Debtors." Wells Fargo's Orig. Ans. ¶ 1, Doc. 13.  Of these nine bank accounts, Wells Fargo designated three of them (Accounts G, H, and I) as "Individual Retirement Accounts" ("IRA"s) that "are protected by Federal Statutes and[,] therefore[,] the Bank is not including funds from these accounts." *Id.* Wells Fargo also sought $500 for attorney's fees because it employed the law firm of Pearson & Pearson LLP to represent it in the garnishment proceeding and file an answer on its behalf. *Id.* ¶ 8.

On September 22, 2015, D. Patman filed his Original Answer averring as follows:

> Patman further asserts that both the Application and the Writ of Garnishment are defective to the extent that they purport to require garnishment of Patman's qualified individual retirement accounts ("IRAs"), which are exempt as a matter of law. Patman will soon file a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment, and Patman requests that the Writ be vacated, dissolved, and/or modified such that Patman's IRAs are excluded.

D. Patman's Orig. Ans. ¶ 13, Doc. 17. *Notwithstanding his Answer, D. Patman never filed a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment.*

On October 19, 2015, Wells Fargo filed its First Supplemental Original Answer that, in relevant part, identified three additional Individual Retirement Accounts in the name of Beverly Patman (Accounts J, K, and L), "which the Bank did not initially hold, but upon the [respectful] demand of Plaintiffs' counsel," the Bank subsequently held. Wells Fargo's First Supp. Orig. Ans. ¶ 1, Doc. 19. Wells Fargo also sought $2,500 for attorney's fees because it employed the law firm

---

[1] The Writs of Garnishment After Judgment issued on the other banks have been dismissed either by Stipulation or by Notice of Dismissal. As such, Wells Fargo is the sole remaining Garnishee.

of Pearson & Pearson LLP to represent it in the garnishment proceeding and file an answer on its behalf. *Id.* ¶ 8.

On September 10, 2021, approximately six years after the Garnishors sought a writ of garnishment against Wells Fargo to collect on the Judgment in the Underlying Action, Wells Fargo filed a Motion to Set Status Conference. In its Order granting Wells Fargo's motion, the court noted as follows:

> This action was closed on August 14, 2015, the same day it was filed. As the action was closed, it never appeared on the court's docket as an active case. Moreover, the court never received anything to indicate it was an open case, and no party alerted the court until Wells Fargo filed the current motion. Apparently, the action was inadvertently closed by the clerk's office.

Order 1, Doc. 23. The court held a telephonic conference in this matter on October 28, 2021. On November 3, 2021, it issued an order directing the clerk of court to reopen this action and ordered counsel for Garnishors to file a motion for judgment on the pleadings.

On November 30, 2021, the Garnishors filed their Motion for Judgment on the Pleadings (Doc. 29). On December 15, 2021, before the Motion for Judgment on the Pleadings was ripe, D. Patman filed a Motion for Summary Judgment (Doc. 31). Both motions have been fully briefed and are ripe for adjudication.

## II.     Garnishment Under Texas Law

By their Application for Post-Judgment Writ of Garnishment (Doc. 1), pursuant to Federal Rule of Civil Procedure 69, Garnishors seek to collect on the judgment in the Underlying Case by garnishing bank accounts held by judgment debtors at various banks.

Federal Rule of Civil Procedure 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Thus, Rule 69(a)(1) expressly directs the court to look to state law when enforcing a money judgment.

As this court sits in Texas, resolution of the pending motions requires the court to apply Texas law on garnishment to the decide the pending motions. *See FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) ("As actions supplemental to or in aid of execution, . . . garnishment actions are governed by state law to the extent it does not conflict with federal law."). "Garnishment actions in Texas are purely statutory and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006) (internal quotation marks and citation omitted).

Garnishment is one means of collecting on a judgment. It is a statutory remedy available to a judgment debtor against a third party who is in possession of the judgment debtor's nonexempt personal property. *See Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *see generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001-.008; Tex. R. Civ. P. 657-679. A postjudgment garnishment proceeding is a *quasi in rem* action brought by a judgment creditor (the garnishor) against another party (the garnishee) who holds property or funds belonging to the judgment debtor. *Bank One, Tex.*, 824 S.W.2d at 558; *Zeecon Wireless Internet, LLC v. American Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.). In the garnishment action, the garnishor seeks to have the property or funds held by the garnishee applied toward payment of the underlying judgment against the debtor. *Zeecon*, 305 S.W.3d at 816.

Because garnishment was unknown at common law and is "purely a creature of statute," *id.*, the Texas Supreme Court has held that garnishment proceedings "cannot be sustained unless they are in strict conformity with statutory requirements." *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d

1039, 1042 (1937); *see also Zeecon*, 305 S.W.3d at 816 (same). This is because the remedy of garnishment is "summary and harsh." *Beggs*, 106 S.W.2d at 1042.

The Texas Supreme Court has identified "three parties" to a garnishment action: (1) a creditor (the garnishor), (2) a debtor (also referred to as "the defendant"), and (3) a third person who possesses the debtor's funds or owes money to the debtor (the garnishee). *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991) (op. on reh'g). "Thus, while the judgment debtor (the defendant) is not a 'necessary party' to the proceeding, he is nevertheless a party to the proceeding who has rights in the process." *Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 139 (Tex. App.—Fort Worth 2019, no writ) (footnote omitted) (citation omitted). In addition to the right to receive notice of the writ of garnishment, the debtor has standing "to replevy or to file a motion seeking to have the writ of garnishment vacated, dissolved, or modified." *Id.* (citing Tex. R. Civ. P. 663a (providing the right to notice), 664 (providing the right to replevy), 664a (providing the right to have the writ of garnishment vacated, dissolved, or modified)); *see also Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 641 n.5 (Tex. App.—Austin 1987, writ denied). As explained by the court in *Hering*:

> Once the debtor receives the notice outlined in Rule 663a he should be apprised of his rights and may therefore elect to file a motion to vacate, dissolve or modify the writ. Tex. R. Civ. P. Ann. 664a (Supp. 1987). By the terms of Rule 664a, the court is required to hear such motion within ten days of its filing. Hence, Rules 663a and 664a work together to provide the debtor with the following notice and opportunity to be heard: (1) notice of the seizure; (2) notice of the right to regain the property; (3) notice of the proper legal remedies; and (4) an opportunity to have a prompt post-seizure adjudication of any challenges to the garnishment.

*Id.*

### III. Garnishors' Motion for Judgment on the Pleadings (Doc. 29)

#### A. Legal Standard – Fed. R. Civ. P. 12(c)

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id.* (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id.* at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.*, 313 F.3d at 312. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B. Analysis

The Garnishors have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). They request that the court "render judgment against Wells Fargo . . . for effects (including money) Wells Fargo admittedly holds in accounts for Judgment Debtors,

including funds in the name of Beverly Patman (spouse of Judgment Debtor David Patman at time Garnishors filed their application)." Garnishors' Mot. ¶ 2, Doc. 29.

In his response to the Garnishors' motion, D. Patman does not contest that Accounts A-F identified by Wells Fargo may be garnished. He does, however, contest the attempts to garnish Accounts G-I and J-L, contending that, "the sole evidence (and pleadings, as well) before the Court is that the six bank accounts—the 'IRAs'—are labeled individual retirement accounts according to Wells Fargo." D. Patman's Resp. ¶ 19 (citations omitted). He further contends that "As a result, [he] has met his burden of proof to establish that [Accounts G-L] are individual retirement accounts, and he is entitled to summary judgment because there is no controverting evidence." *Id.* ¶ 20.

In reply, the Garnishors argue that D. Patman has failed to meet his burden of establishing that the funds in Accounts G-I and J-L are exempt. They also note that D. Patman never filed a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment, notwithstanding his promise to file this motion in his Answer. *See* Garnishors' Reply ¶ 6, Doc. 32. The court will first address the Garnishors' Motion for Judgment on the Pleadings with respect to the funds held in Accounts A-F, bank accounts not designated as IRAs by Wells Fargo.

1. ***Accounts A-F***

The Garnishors move for judgment on the pleadings in their favor and against Wells Fargo for the balance of funds belonging to Judgment Debtors and the spouse of Judgment Debtor D. Patman identified by Wells Fargo as Accounts A-F in Wells Fargo's Original Answer (Doc. 13) and First Supplemental Original Answer (Doc. 19), as follows:

| | |
|---|---|
| A. Michael Patman, Martha Canon Matallana | $0.00 |
| B. Michael Patman, Martha Canon Matallana | $35.00 |
| C. Michael Patman, Stephen M. Patman | $700.80 |

**Memorandum Opinion and Order – Page 10**

    D. Michael Patman, Martha Canon Matallana    $52.16

    E. David P. Patman, Beverly Patman, Caine Patman    $2,386.27

    F. Beverly Patman, David P. Patman, Pod Caine Patman    $42.90

Orig. Ans. ¶ 1, Doc. 13; First Supp. Orig. Ans. ¶ 1, Doc. 19.

The pleadings before the court are the Garnishors' Application for Post-Judgment Writ of Garnishment (Doc. 1); Wells Fargo's Original Answer (Doc. 13); D. Patman's Answer to Writ of Garnishment (Doc. 17); and Wells Fargo's First Supplemental Original Answer (Doc. 19). Judgment Debtor M. Patman did not file an Answer or otherwise appear in this action.

After review of the pleadings, the court concludes that the Garnishors are entitled to judgment on the pleadings in their favor and against Wells Fargo for the balance of funds belonging to Judgment Debtors and the spouse of Judgment Debtor D. Patman identified by Wells Fargo as Accounts A-F. First, Wells Fargo does not contest Accounts A-F. Wells Fargo states: "Garnishee Bank expresses no opinion on whether or not the claim(s) in question asserted by Garnishor(s) reach these Account(s), only that there is a good faith question regarding the same and that said Account(s) in these names exist and are being held pending further Order of the Court." Wells Fargo's Orig. Ans. ¶ 5, Doc. 13. In his Answer, D. Patman does not raise any defects or exemptions from garnishment with respect to Accounts A-F. M. Patman has not appeared to contest any account.

The pleadings establish that: (i) the Garnishors hold a valid, subsisting Judgment that is unsatisfied; (ii) D. Patman and M. Patman do not possess property in Texas subject to execution sufficient to satisfy the Judgment; (iii) Beverly Patman is the spouse of D. Patman;[2] and (iv)

---

[2] Beverly Patman was not a party to the Underlying Action and is not a judgment debtor. D. Patman, however, is a judgment debtor and does not dispute the community nature of the liability or that Beverly Patman's accounts identified by Wells Fargo, held jointly or individually, are reachable by creditors by virtue of community property law in Texas. "[P]roperty possessed by either spouse during the marriage is

Garnishee Wells Fargo is in possession of Judgment Debtors' money (either in accounts under Judgment Debtors' names or the name of a spouse), held in six accounts and identified by Wells Fargo as Accounts A-F.

Accordingly, the court will **grant** the Garnishors' Motion for Judgment on the Pleadings for the balance of funds identified by Wells Fargo as Accounts A-F in its Original Answer (Doc. 13) and its First Supplemental Original Answer (Doc. 19).

### 2. Accounts G-L

The Garnishors move for judgment on the pleadings in their favor for the balance of funds belonging to Judgment Debtor D. Patman, or held in the name of his spouse, identified as Accounts G-L in Wells Fargo's Original Answer (Doc. 13) and First Supplemental Original Answer (Doc. 19), as follows:

| | | |
|---|---|---|
| G. | David P. Patman | $6,112.95 |
| H. | David P. Patman | $6,112.95 |
| I. | David P. Patman | $36,535.15 |
| J. | Beverly Patman | $6,086.29 |
| K. | Beverly Patman | $6,086.29 |

---

presumed to be community property, and the degree of proof necessary to establish that property is separate property is clear and convincing evidence." *In re Trammell*, 399 B.R. 177, 182 (Bankr. N.D. Tex. 2007) (citing Tex. Fam. Code Ann. § 3.003 (Vernon 2006)). Consistent with the presumption that all property possessed by either spouse during marriage is community property, the party asserting that property possessed by one of the spouses is that spouse's separate property must, in addition to establishing a separate property origin, "clearly trace the original separate property into the particular assets on hand during the marriage." *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975). Under Texas law, Beverly Patman's joint management community property and sole management community property are subject to D. Patman's tortious liability arising from the Judgment in the Underlying Action. *See* Tex. Fam. Code Ann. § 3.202(d) ("All community property is subject to tortious liability of either spouse incurred during marriage."); *see also Compton v. Jaggars Chiles Stovall, Inc.*, No. 08-01-00019-CV, 2001 WL 1515833, at *1 (Tex. App.—El Paso Nov. 29, 2001, no pet.) (affirming decision allowing judgment creditor with a judgment establishing tortious liability of debtor to garnish the community property of a non-debtor spouse in a brokerage account "[r]egardless of whether this property is [non-debtor spouse's] joint management community property or [his] sole management community property . . . .").

   L. Beverly Patman    $17,116.75

In its Original Answer, Wells Fargo designated Accounts G, H, and I as "Individual Retirement Accounts" in the name of D. Patman that "are protected by Federal Statutes and[,] therefore[,] the Bank is not including funds from these accounts." Wells Fargo's Orig. Ans. ¶ 1, Doc. 13.

As previously explained, on September 22, 2015, D. Patman filed his Original Answer averring as follows:

> Patman further asserts that both the Application and the Writ of Garnishment are defective to the extent that they purport to require garnishment of Patman's qualified individual retirement accounts ("IRAs"), which are exempt as a matter of law. Patman will soon file a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment, and Patman requests that the Writ be vacated, dissolved, and/or modified such that Patman's IRAs are excluded.

D. Patman's Orig. Ans. ¶ 13, Doc. 17. Notwithstanding his Answer, D. Patman never filed a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment.

Thereafter, in its First Supplemental Original Answer, Wells Fargo designated Accounts J, K, and L as "Individual Retirement Accounts" in the name of "Beverly Patman only." First Supp. Orig. Ans. ¶ 1, Doc. 19. Wells Fargo also stated that it "did not initially hold" these three accounts, "but upon the (respectful) demand of Plaintiffs' counsel, the Bank has since done so." *Id.* D. Patman did not file a supplemental answer.

The Garnishors and D. Patman dispute who has the burden of proving whether the accounts labeled as IRAs by Wells Fargo are exempt from garnishment. The Garnishors contend the burden is on the judgment debtor, and D. Patman asserts that the burden of showing the IRAs are not exempt lies with the Garnishors.

Under Texas law, "IRA accounts are exempt from seizure." *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011) (citing Tex. Prop. Code § 42.0021(a)). Specifically, the version of Section

42.0021 of the Texas Property Code, titled "Additional Exemption for Certain Savings Plans," in place in 2015 when the writ of garnishment was issued to Wells Fargo, described the types of accounts that are exempt from levy or execution:

> (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, annuity, deferred compensation, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, or a simplified employee pension plan, *an individual retirement account or individual retirement annuity*, including an inherited individual retirement account, individual retirement annuity, Roth IRA, or inherited Roth IRA, or a health savings account, and under any annuity or similar contract purchased with assets distributed from that type of plan or account, *is exempt from attachment, execution, and seizure for the satisfaction of debts* to the extent the plan, contract, annuity, or account is exempt from federal income tax, or to the extent federal income tax on the person's interest is deferred until actual payment of benefits to the person under Section 223, 401(a), 403(a), 403(b), 408(a), 408A, 457(b), or 501(a), Internal Revenue Code of 1986, including a government plan or church plan described by Section 414(d) or (e), Internal Revenue Code of 1986.

Tex. Prop. Code Ann. § 42.0021(a) (West 2014) (emphasis added).

"It is the burden of the party claiming an exemption under section 42.0021 to prove that he is entitled to it." *Lozano v. Lozano*, 975 S.W.2d 63, 67 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (citations omitted); *see also Janvey*, 647 F.3d at 601 (noting that "the party claiming the exemption must establish that she has a legal right to the funds in the IRA to be entitled to the exemption.") (citation omitted). Texas courts, however, "apply a liberal rule of construction to state exemption statutes." *Lozano,* 975 S.W.2d at 67 (citing *In re Volpe*, 943 F.2d 1451, 1453 (5th Cir.1991) and *Hickman v. Hickman*, 149 Tex. 439, 234 S.W.2d 410, 414 (Tex. 1950)). Under this liberal rule of construction, "evidence that an account is an IRA is sufficient to establish that it is exempt, unless evidence is presented that the IRA does not qualify for exempt treatment under the Internal Revenue Code." *In re Friedheim*, 3:07-cv-0181-G, 2007 WL 2325613, at *2 (N.D. Tex. Aug. 14, 2007), *aff'd*, 277 F. App'x 485 (5th Cir. 2008) (quoting *In re Jarboe*, 365 B.R. 717, 722 (S.D. Tex. 2007)); *see also see also Heckert v. Heckert*, No. 02-16-00213-CV, 2017 WL 5184840,

Memorandum Opinion and Order – Page 14

at *5 (Tex. App.—Fort Worth 2017, no pet.) ("At least one state and one federal court have held that evidence an account is labeled an IRA—in the absence of any controverting proof—is sufficient to prove its exempt status under section 42.0021 in light of Texas's rule that exemption statutes should be liberally construed in the debtor's favor.") (citations omitted).

As discussed previously, "while the judgment debtor (the defendant) is not a 'necessary party' to the proceeding, he is nevertheless a party to the proceeding who has rights in the process." *Barrow*, 587 S.W.3d at 139 (footnote and citation omitted). In addition to the right to receive notice of the writ of garnishment, the debtor has standing "to replevy or to file a motion seeking to have the writ of garnishment vacated, dissolved, or modified." *Id.* (citing Tex. R. Civ. P. 663a (providing the right to notice), 664 (providing the right to replevy), 664a (providing the right to have the writ of garnishment vacated, dissolved, or modified)). It is unclear to the court why D. Patman never sought relief pursuant to Rule 664a of the Texas Rules of Civil Procedure.

In that vein, on May 19, 2022, the court issued an order raising sua sponte:

> that judgment debtor David Patman ("D. Patman") waived or forfeited his right to claim exemptions under Section 42.0021(a) of the Texas Property Code to a postjudgment writ of garnishment (Doc. 8) issued on Wells Fargo Bank, N.A. ("Wells Fargo") on August 14, 2015.[3] Although D. Patman stated in his unsworn Answer (Doc. 13), filed on September 22, 2015, that he would be filing a motion to vacate, dissolve or modify the writ—as required under Rule 664a of the Texas Rules of Civil Procedure—he failed to do so.

Order, Doc. 36. On June 2, 2022, in accordance with the court's directive, judgment debtor D. Patman filed his response contending that the "circumstances of this case do not support a waiver of rights by Patman." D. Patman's Resp. ¶ 20, Doc. 37. On June 20, 2022, the Garnishors filed a

---

[3] The Writ of Garnishment is for funds held in the names of M. Patman and D. Patman, and for funds being held nominally in the names of Beverly Patman and Ximena Patman, to satisfy the Judgment against M. Patman and D. Patman entered by the Honorable David C. Godbey on August 11, 2010, in Civil Action No. 3:07-cv-01591-N. *See* Am. Final J., Doc. 331 in Civil Action No. 3:07-cv-01591-N.

reply to D. Patman's response, contending that D. Patman's "intentional choice to sit on his rights is a waiver of those rights." Garnishors' Reply ¶ 1 (citations omitted).

Having considered the briefing and applicable law, the court concludes D. Patman has not waived or forfeited his right to claim exemptions to the writ. Specifically, D. Patman's actions were not so inconsistent with an intent to assert the Rule 664a motion with respect to the six IRA accounts as to amount to a waiver of his ability to now file that motion. Also, the procedural irregularities present in this case warrant a cautious approach. The case was administratively closed on August 14, 2015, reopened on November 3, 2021, and there is no Scheduling Order in place. *Notably, the Garnishors did nothing to advance the prosecution of this case as a result of D. Patman's inaction, because they, like D. Patman, did nothing during the six years the case was administratively closed.* Finding waiver under these unique circumstances and allowing garnishment of D. Patman's IRAs identified by Wells Fargo in its answer to the writ would reward the Garnishors, even though it was they who initiated this action in 2015.[4]

---

[4] In addition, the cases cited by the Garnishors in reply to D. Patman's response to the court's sua sponte order raising the issue of waiver are easily distinguished. In support of waiver, the Garnishors rely on *U.S. v. Egubuchunam*, No. 3:15-CR-519-L(03), 2021 WL 6063641, at *8 (N.D. Tex. Dec. 21, 2021). That case involved the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613(a) and 3663A, under which a criminal defendant/debtor has twenty days to challenge the writ of garnishment sought by the Government. The court concluded the debtor and/or his spouse waived the right to challenge the Government's writ because they waited more than the twenty days to challenge it. The MVRA is different from Texas Rule of Civil Procedure 664a, the former containing a deadline for contesting a writ of garnishment and the latter not. Thus, *Egubuchunam* does not support the argument that D. Patman waived the opportunity to file a Rule 664a motion.

The Garnishors also cite *Stansell v. Revolutionary Armed Forces of Colombia (Farc)*, No. 8:09-CV-2308-T-26MAP, 2013 WL 12203235, at *1 (M.D. Fla. Feb. 26, 2013). There, the district court found a judgment debtor waived his right to file a motion to disqualify, dissolve, or vacate a writ of garnishment because he "sat on his rights and took no action for nine months from discovering the completed execution and Judgment before filing his motions to disqualify, dissolve and vacate[.]" *Stansell* was not decided under Texas law and, in any event, is distinguishable from this case, as a judgment on the writ of garnishment had already been issued before the judgment debtor sought to challenge the writ of garnishment. In addition, the judgment debtor failed to timely petition for appellate review before the judgment became non-appealable. Here, no judgment has been entered. Rather, this case was in limbo for approximately six years until, on September 10, 2021, Wells Fargo (the Garnishee) brought this matter to the court's attention.

**Memorandum Opinion and Order – Page 16**

Because D. Patman never filed a motion seeking to have the writ of garnishment vacated, dissolved, or modified under Rule 664a of the Texas Rules of Civil Procedure, but merely an Answer, the issue of whether Accounts G-L are exempt IRAs has not been fully joined. Rather than granting the Garnishors' motion for judgment on the pleadings with respect to Accounts G-L, however, the court will **deny** the motion **without prejudice** and allow D. Patman two weeks from the date of this Order to file a motion seeking to have the writ of garnishment vacated, dissolved, or modified under Rule 664a of the Texas Rules of Civil Procedure. To comply with the Texas Rules of Civil Procedure, this motion must be sworn to and specifically state any grounds, extrinsic or intrinsic, requiring dissolution of the writ. *See* 3 William V. Dorsaneo III, Texas Litigation Guide § 42.52 (2021).

Further, as made clear by the case law, and as contemplated by D. Patman himself in is Answer, Rule 664a of the Texas Rules of Civil Procedure provides the appropriate mechanism by which a judgment debtor may challenge the writ of garnishment. Accordingly, the court will **deny** Defendant David Patman's Motion for Summary Judgment (Doc. 31) and allow him an opportunity to file the appropriate motion.[5]

## IV.   Conclusion

Based on the foregoing, the court **grants in part** and **denies in part** the Garnishors' Motion for Judgment on the Pleadings (Doc. 29). The court **grants** the Garnishors' motion with respect to those bank accounts identified by Wells Fargo as Accounts A-F in Wells Fargo's Original Answer (Doc. 13) and First Supplemental Original Answer (Doc. 19), as follows:

---

[5] Notwithstanding his Answer asserting that he would challenge the writ of garnishment under Rue 664a by filing a motion to vacate, dissolve or modify the writ, in D. Patman's response to the court's sua sponte order raising the issue of waiver, he suggests that a summary judgment motion is an appropriate way to challenge the writ. In addition to ignoring the plain language of Rule 664a, the cases he references in his response are not on point, as they both involve summary judgment motions filed by the garnishor or garnishee, not a judgment debtor.

**Memorandum Opinion and Order – Page 17**

| | |
|---|---|
| A. Michael Patman, Martha Canon Matallana | $0.00 |
| B. Michael Patman, Martha Canon Matallana | $35.00 |
| C. Michael Patman, Stephen M Patman | $700.80 |
| D. Michael Patman, Martha Canon Matallana | $52.16 |
| E. David P. Patman, Beverly Patman, Caine Patman | $2,386.27 |
| F. Beverly Patman, David P. Patman, Pod Caine Patman | $42.90 |

Accordingly, Garnishors are entitled to recover from Garnishee the balance of money in Accounts A-F, which totals $3,217.13. This amount will be awarded to the Garnishors by a separate document.

The court **denies** the Garnishors' Motion for Judgment on the Pleadings as to those bank accounts identified by Wells Fargo as Accounts G-L (IRAs) in Wells Fargo's Original Answer (Doc. 13) and First Supplemental Original Answer (Doc. 19), as follows:

| | |
|---|---|
| G. David P. Patman | $6,112.95 |
| H. David P. Patman | $6,112.95 |
| I. David P. Patman | $36,535.15 |
| J. Beverly Patman | $6,086.29 |
| K. Beverly Patman | $6,086.29 |
| L. Beverly Patman | $17,116.75 |

Further, the court **denies** Defendant David Patman's Motion for Summary Judgment (Doc. 31) and, should he wish to challenge the Writ of Garnishment as to Accounts G-L, the court **directs** him to file a Motion to Vacate, Dissolve, and/or Modify Writ of Garnishment After Judgment

pursuant to Rule 664a of the Texas Rules of Civil Procedure. The deadline for D. Patman to file his motion is August 11, 2022.[6]

**It is so ordered** this 28th day of July, 2022.

Sam A. Lindsay
United States District Judge

---

[6] The court will address Wells Fargo's request for its attorney's fees upon a motion filed pursuant to Federal Rule of Civil Procedure 54(b).

**Memorandum Opinion and Order – Page 19**